70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jerome E. CASSELL, Plaintiff, Appellant,
v.
Barry OSBORNE, etc., et al., Defendants, Appellees.
 No. 95-1761.
 United States Court of Appeals, First Circuit.
 Nov. 9, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge]
 Jerome E. Cassell on Motion for Summary Disposition pro se.
 D.N.H.
 AFFIRMED.
 Before SELYA, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have before us appellant Cassell's "Motion to Compel Enforcement and Compliance," which we construe as requesting relief from briefing requirements, and a summary disposition of the appeal.
 
 
 2
 Cassell was convicted in a New Hampshire state court of felonious sexual assault. While this criminal conviction was pending on direct appeal, he filed several actions in federal district court under 42 U.S.C. Sec. 1983, challenging the validity of the conviction and seeking equitable relief and damages. Three of the suits were the subject of an opinion issued by this court in April, 1994. Cassell v. Osborn, No. 93-1557, etc., Slip op. (1st Cir. Apr. 26, 1994). There we affirmed the district court's dismissal of most of Cassell's claims, but vacated those dismissals which were arguably susceptible of being raised as an estoppel in the state proceedings. The latter claims were remanded for reconsideration as to whether they should be dismissed or stayed pending the conclusion of the state appeal. Id. at 13. The district court decided to stay the claims.
 
 
 3
 Pursuant to the Supreme Court's intervening decision in Heck v. Humphrey, 114 S.Ct. 2364 (1994), the district court later granted a motion by defendants to dismiss the claims. In Heck, the Court resolved a conflict among the circuits by ruling that "a Sec. 1983 cause of action for damages attributable to an unconstitutional conviction does not accrue until the conviction ... has been invalidated." Heck, 114 S.Ct. at 2373 (emphasis added); see also Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir.1994).
 
 
 4
 Appellant is mistaken in his belief that a dismissal under Heck violates this court's earlier mandate. This dismissal will not prejudice the resolution of any issue pending before the state's appellate court. It means only that his Sec. 1983 suit is premature. As we explained in response to another, similar appeal by Cassell, the dismissal also "does not prevent him from later filing a proper and timely complaint for damages should he first succeed in having his conviction reversed on direct appeal, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination." Cassell v. Ober, No. 94-1796, slip op. at 2 (1st Cir. Oct. 5, 1994) (citing Guzman-Rivera, 29 F.3d at 5).
 
 
 5
 Accordingly, we grant appellant's motion insofar as it seeks relief from the briefing schedule, deny his motion for "enforcement," and summarily affirm the judgment below. See Loc.R. 27.1. Cassell's appellate motions labeled "Petition for Habeas Corpus Ad Testificandum," and "Motion to Introduce Evidence," are dismissed without prejudice to consideration of the same contentions and issues raised in his separately docketed appeal, Cassell v. New Hampshire, (Appeal no. 95-2158).